**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **GERTRUDE SAVOY** | : | **CIVIL ACTION NO. 2:17-cv-00897** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **THE KROGER COMPANY** | : | **MAGISTRATE JUDGE KAY** |

**PROPOSED JURY INSTRUCTIONS**

Defendants, **THE KROGER COMPANY** and **LARISSA PEREZ** submit the following Joint Jury Charges for consideration:

### I.  BURDEN OF PROOF

The plaintiff in this action must prove her case by a preponderance of the evidence.  This means that the plaintiff must convince you that, when the evidence is taken as a whole, the facts or causes sought to be proved are more probable than not.  If she fails to prove or establish any essential element of his case by a preponderance of the evidence, then you must find that he has failed to prove his case sufficiently to recover.

The burden of proving both the existence of damages and a causal connection between damages and the acts of defendant rests with the plaintiff.  Such proof must be shown by a preponderance of the evidence.  The mere possibility that damages were caused by the conduct of the defendant is not enough.  ***Myers v Imperial Casualty Indemnity Co***., 451 So.2d 649, 658 (La. App. 3rd Cir. 1984).

Where the testimony is conflicting and irreconcilable, and the jury has no reason to suspect the credibility of the witnesses, then resort must be had to the physical evidence in determining a preponderance of the evidence.  If all evidence is equal, then the jury must find the plaintiff has failed to meet his burden of proof.  ***Williams v. Bulk Transport, Inc***., 266 So.2d 472 (La. App. 4th Cir. 1972).  Miller v. Lowry, 409 So.2d 1252 (La. App. 2d Cir. 1982).

### II.  GENERAL NEGLIGENCE

The basic law in Louisiana on this kind of case states that "every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." The word "fault" is a key word. "Fault" means acting as you should not have acted or failing to do something which you should have done. The

law regards those actions as being below the standard which applies to the defendant's activities.

The standard which the law applies to the defendant's actions will change according to the surrounding circumstances. These standards are sometimes set by the legislature in statutes, and sometimes they are set by the courts. At the end of the trial, I will tell you the standards which apply to the defendant's conduct in this particular suit, and you will have to accept those standards. Your job will then be to decide whether the plaintiff has proved that it is more likely true than not true that the defendant's actions fell below those standards. In legal terms, that would mean that the defendant is "at fault." In this particular case, the plaintiff says that the defendant has committed the kind of fault that the law calls "negligence."

But this is only one part of the plaintiff's case. The other parts of the plaintiff's case are:

(1) that the injury which she says she suffered was caused in whole or in part by the conduct of the defendant; and

(2) that there was damage to the plaintiff's person or her property.

The plaintiff must establish that all of these essential parts of his case are more likely true than not true. Questions addressed to all of these parts of the case will be given to you in the "verdict form" that you will receive at the end of the case and that you will take with you to fill out as a part of your deliberations. When I say that the plaintiff has to prove that the defendant's actions were a cause of her injury, I don't mean that the law recognizes only one cause of an injury.

You will have to decide whether the plaintiff would have suffered injury if the defendant had not done what he did. If, more likely than not, the plaintiff would have suffered injury no matter what the defendant did or did not do, then you should decide that the injury was not caused by the defendant, and render a verdict for the defendant. If, on the other hand, the plaintiff more likely than not would not have suffered injury as a result of what the defendant did or did not do, then you should decide that the defendant's conduct did play a part in the plaintiff's injury and you should proceed to the next part of the plaintiff's case.

The next part of the plaintiff's case that you'll have to consider is whether the defendant's actions were below the standard required under the law. In this case, the basic standard is that the defendant should have acted as a reasonably prudent person would have acted under the same or similar circumstances. The standard of care is not that of an extraordinarily cautious individual or an exceptionally skilled person, but rather that of a reasonably prudent person acting in the same or similar circumstances.

A reasonably prudent person will avoid creating an unreasonable risk of harm. In deciding whether the defendant violated this standard of conduct, you should weigh the likelihood that someone might have been injured by his conduct and the seriousness of that injury if it should occur against the importance to the community of what the defendant was doing and the advisability of the way he was doing it under the circumstances.

*[THE FOLLOWING WAS ADDED BY PLAINTIFF'S FORMER COUNSEL, AND IS OBJECTED TO BY DEFENDANTS] Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence. One factor to consider is employer's training of its employees. The trier of fact may take into consideration a party's duty to train its employees regarding the policies and procedures by which the store or manufacturer operates. The trier of fact may also consider whether the store or manufacturer had preventative measures to ensure its employees acted reasonably under the circumstances.*

*In determining what inferences to draw from the evidence or facts in the case against a party, the trier of fact may consider, among other things, the party's failure to explain or to deny by his testimony such evidence or facts in the case against him. The trier of fact may also draw inferences from a party's failure to explain or deny why such evidence was not retained.*

**§ 3:1. Negligence—General composite charge in ordinary case, 18 La. Civ. L. Treatise, Civil Jury Instructions § 3:1 (3d ed.)**

The next part of the plaintiff's case that you have to consider is whether the defendant's conduct was below the standard applicable to the activity at issue, as I mentioned to you just a minute ago. In this case, the basic standard is that the defendant must exercise the degree of care that we might reasonably expect from an ordinarily prudent person under the same or similar circumstances. The standard of care is not that of an extraordinarily cautious individual or an exceptionally skilled person, but that of a person of ordinary prudence.

An ordinarily prudent person will avoid creating an unreasonable risk of harm. In deciding whether the defendant violated this standard of conduct, you may weigh the likelihood that someone might have been injured by his conduct and the seriousness of that injury if it should occur against the importance to the community of what the defendant was doing and the advisability of the way he was doing it under the circumstances.

To sum up this part, to find that the defendant's conduct is sub-standard, you must find that an ordinarily prudent person under all of the surrounding circumstances would reasonably have foreseen that as a result of his conduct, some such injury as the plaintiff suffered would occur, and that the defendant failed to do what an ordinarily prudent person would have done. You may find it helpful to ask yourself: "How would an

3

ordinarily prudent person have acted or what precautions would he have taken if faced with similar conditions or circumstances?"

**§ 3:4. Negligence—Breach, 18 La. Civ. L. Treatise, Civil Jury Instructions § 3:4 (3d ed.)**

### III.   <u>PLAINTIFF FAULT</u>

In this case, the standard applicable to the plaintiff's conduct is the requirement that he exercise that degree of care which we might reasonably expect a person to exercise for his own safety and protection. On this issue the defendant has the burden of proof. In other words, the defendant has the burden of establishing, by a preponderance of the evidence, that the plaintiff failed to conform to that standard and by that failure contributed to his own injury. If the defendant convinces you of that, then you must assign a percentage of fault to the plaintiff's conduct according to the instructions that I will give you.

In deciding the question of plaintiff's fault, as it is called in the law, you may ask yourselves this question: "Should the plaintiff as an ordinarily prudent person, under all the circumstances surrounding his conduct, have reasonably foreseen some such injury as he suffered as a result of his conduct, and did he fail to exercise reasonable care to avoid such injury to himself?"

If the defendant does not convince you that the plaintiff was also at fault, and the plaintiff has otherwise proven her case by a preponderance of the evidence, then you should return a verdict for the plaintiff without assigning any percentage of fault to her. If you conclude that both the defendant and the plaintiff were negligent, and that the negligence of each was a proximate cause of the accident and plaintiff's injuries, then you must assign percentages of fault to each one. In determining those percentages, you may consider both the nature of the negligent conduct and the extent of the causal relation between the conduct and plaintiff's injuries.

When I say "the nature of the negligent conduct," I mean that you may consider: (1) whether the conduct resulted from inadvertence or rather involved an awareness of the danger involved; (2) how great the risk created by the person's conduct was; (3) the importance of what was sought by the conduct; (4) the physical and mental capacities of the person, either ordinary or perhaps superior or inferior; and (5) any extenuating circumstances which might have required that party to act in haste, without proper thought.

When I say "the extent of the causal relation" between the conduct and the injuries, I mean that you may consider the extent to which that party's conduct contributed to the happening of the accident and plaintiff's injuries.

Louisiana law requires that you divide the total responsibility for this incident among all those who were proven to be involved in it whether they are actually parties to

this suit or not. You should do this by assigning percentages of fault to the various involved persons which will total 100%. You are free to assign whatever percentage you feel appropriate, and you should do so by answering questions as fault, which will be provided to you on a special verdict form.

**§ 5:1. Defenses in negligence cases—Composite general charge on comparative negligence, 18 La. Civ. L. Treatise, Civil Jury Instructions § 5:1 (3d ed.)**

If you believe that the plaintiff has established all essential elements of her claim are more likely true than not true, then the plaintiff is entitled to recover and you should return a verdict for the plaintiff. If the plaintiff has failed to establish that these three elements of her case are more likely true than not true, then you should return a verdict for the defendant.

If the defendant contends that the plaintiff was at fault as well and her fault contributed to her own injury, then the defendant must persuade you that it is more likely true than not true that the plaintiff was at fault.

You can assign any percentage of fault to the plaintiff or to any or all of the defendants that you want, but the total of all of the percentages must be 100%. If you're persuaded by the defendant's evidence that the only reason the plaintiff was injured was because of the plaintiff's own sub-standard conduct, you may return a verdict for the defendant in response to the questions on the verdict form by assigning 100% fault to the plaintiff. If the defendant does not persuade you that the plaintiff was at fault and the plaintiff has otherwise proved her case as I have described to you, then you should return a verdict for the plaintiff without assigning any percentage of fault to the plaintiff.

If you decide to return a verdict for the plaintiff, then you should award an appropriate amount of money to the plaintiff according to the instructions which I have given you on the subject of damages.

You may not decide on a percentage of fault or an amount of damages by agreeing in advance to an average of various amounts suggested by individual jurors. You must reach these conclusions by your own independent consideration and judgment. Nine of you must ultimately agree on the percentage or the amount in question, or on a denial of an award altogether.

*Percle v. Oubre*, 564 So. 2d 352 (La. Ct. App. 1st Cir. 1990); *Haydel v. Hercules Transport, Inc.*, 654 So. 2d 418 (La. Ct. App. 1st Cir. 1995); *McAdams v. Louisiana Power & Light Co.*, 659 So. 2d 820 (La. Ct. App. 5th Cir. 1995), and discussion of it in the Comments; *Moore v. Safeway, Inc*., 700 So. 2d 831 (La. Ct. App. 1st Cir. 1996); *Dede v. Tip's Development, L.L.C*., 16 So. 3d 526, 528 n.1 (La. Ct. App. 4th Cir. 2009); *Chatman v. Southern University at New Orleans*, 197 So. 3d 366 (La. Ct. App. 4th Cir. 2016).

## IV. DAMAGES

### A. General Instructions

If you decide that the plaintiff has established the other elements of her case by a preponderance of the evidence, and the defendant has failed to establish a defense which would prevent plaintiff from recovering an award for her injuries, you must decide the question of whether there has been damage to her person or her property and if so, the amount of that damage.

In this regard, I recall to your attention the words of Article 2315 of our Civil Code:

> Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it.

This article, and our law, suggest simple reparation, a just and adequate compensation for injuries. It suggests no idea of revenge or punishment. Accordingly, our law does not permit the awarding of damages to punish the defendant, or make an example of the defendant to prevent other accidents, and you should include no such amount in your award. Your award should be designed to fully and fairly compensate the plaintiff for her injury, if you find one has occurred, and should not go beyond such reparation.

The law recognizes the difficulty of translating personal injuries into a dollars and cents figure, but that is what must be done. You must arrive at a figure that will fairly and adequately compensate the plaintiff for damages she has already suffered, and that she will in all likelihood suffer in the future. In estimating such damages, you may take into consideration the following elements:

(1) physical injury suffered, if any;

(2) pain and suffering, both physical and mental, if any;

(3) loss of enjoyment of life, if any; and

(4) permanent disability, if any.

Like other parts of the plaintiff's case, these damages must be established by a preponderance of the evidence. This means, on the one hand, that you are not entitled to award speculative damages for injuries which you think the plaintiff might have suffered or might suffer in the future. On the other hand, it means that you may make an effort to reasonably approximate the damages which plaintiff has proved are more probable than not, even though they cannot be computed with mathematical certainty.

6

In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages suffered by the plaintiff. Also, any amount which you might award to the plaintiff is not income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the plaintiff is entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate the plaintiff for her injuries, without regard to what she may pay her attorney or the amount that you might think would be paid in income taxes.

Finally, let me say that the fact that I have given you these statements about the law of damages does not in any way imply or suggest that I feel or do not feel that any damages are due in this case. Whether or not damages are due is solely for you to determine.

**§ 18:1. Damages—General instruction, 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed.)**

Awards of damages must not be the result of passion or prejudice, and they should bear a reasonable relationship to the elements of proved damages. ***Summer v. State, Department of Transportation***, 758 So.2d 923, 935 (La. App. 4th Cir. 3\29\2000).

The burden of proving both the existence of damages and a causal connection between damages and the acts of defendant rests with the plaintiff. Such proof must be shown by a preponderance of the evidence. The mere possibility that damages were caused by the conduct of the defendant is not enough. ***Myers v Imperial Casualty Indemnity Co***., 451 So.2d 649, 658 (La. App. 3rd Cir. 1984).

In deciding the damages to which the plaintiff may be entitled if she has otherwise proven her claim by a preponderance of the evidence, you may not consider or award any attorney's fees which the plaintiff may be required to pay as a result of this proceeding.

**§ 11:11. Attorney's fees, 18 La. Civ. L. Treatise, Civil Jury Instructions § 11:11 (3d ed.)**

### B. <u>Pain and Suffering</u>

The primary consideration in the assessment of damages for physical pain and suffering are the severity and duration of the injured party's pain and suffering. ***Williams v. US Agencies Casualty Insurance Company, Inc***., 758 So.2d 1010 (La. App. 2d Cir. 5\15\2000).

### C. Mental Anguish

The law recognizes that a plaintiff may suffer mental distress and anguish as a result of an incident as well as physical pain and suffering. You are permitted to consider such consequences as a part of the general damages which you may award. By "mental distress and anguish," I mean substantial worry or concern, grief and the like.

Though the law recognizes a possible recovery for mental distress, it requires that you carefully scrutinize the evidence presented on this point to assure yourselves that such injury has been proven by plaintiff.

**§ 18:12. Mental anguish, 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:12 (3d ed.)**

### D. Loss of enjoyment of life

Plaintiff has claimed as a part of her damages the she has suffered loss of enjoyment of life in addition to the other physical and mental damages that he asserts. As with all other aspects of damage claims, you have much discretion as to whether any such damages should be awarded, an in what amounts. In this connection, you may take into account plaintiff's interest and way of life and the extent to which she may have suffered damage with respect to it which is separate from her other physical and mental damages. **Louisiana Civil Jury Instructions §18.17 Damages for loss of enjoyment of life**

Damages for loss of enjoyment of life are recoverable upon proof that the party's lifestyle has been detrimentally altered or that the injured party has been forced to give up activities because of her injury. *Lastrapes v. Progressive Sec. Ins. Co*., 2009-367 (La. App. 3 Cir. 12/9/09), 24 So. 3d 993, 999, *writ granted*, 2010-0051 (La. 4/9/10), 31 So. 3d 375, and *aff'd in part, rev'd in part*, 2010-0051 (La. 11/30/10), 51 So. 3d 659; *Simms v. Progressive Ins. Co*., 38,804 (La.App. 2 Cir. 9/29/04), 883 So.2d 473, *writ denied*, 04–2871 (La.1/8/05), 893 So.2d 78. If Plaintiff fails to prove that her lifestyle has been detrimentally altered or that she has been forced to give up activities because of her injury, no recovery for loss of enjoyment of life allowed.

### E. Medical Expenses

#### 1. Past Medical Expenses

A plaintiff may recover past medical expenses which he or she incurs as a result of an injury. However, the plaintiff must prove that it is more probable than not that the medical treatment was necessitated by the trauma suffered in the accident. *Este v. State Farm Insurance Company,* 676 So.2d 850 (La. App. 3d Cir. 7/10/96).

### 2. Future Medical Expenses

Future medical expenses, like any other damages, must be established with some degree of certainty. Plaintiff must show that it is more probable than not that these expenses will be incurred. An award for future medical expenses should not be made in the absence of medical testimony that the services are necessary and testimony setting out their probable cost. An award for future medical expenses cannot be based on the mere speculation. Much stronger proof, such as medical testimony of the specific expenses to arise, should be required for such an award. *Este v. State Farm Insurance Company*, 676 So.2d 850 (La. App. 3d Cir. 7/10/96).

### F. No Punitive Damages

The law of Louisiana does not permit an award of punitive damages, that is to say, in a case of this kind, no award should be made as a punishment for injuries which may have been inflicted. Punitive damages cannot be allowed, even though a defendant may be grossly negligent, and even if you might feel that he should be punished. Any award made in such a case must be limited to a reasonable compensation for the items claimed as damages resulting from the accident.

**§ 18:11. No punitive damages—Usual case, 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:11 (3d ed.)**

### G. Pre-existing Conditions

In your consideration of the items of damage, you should bear in mind that under the law the one liable or responsible for an accident must take the injured person as he finds him, and is responsible for all the natural and probable consequences of his wrong, even though they are more serious or harmful by reason of a pre-existing condition, physical defect or weakness of the injured person. If the accident results in aggravation of a previous condition of disability or of pain of the injured person, the one responsible is liable both for the aggravation of the pre-existing condition and for any new injuries resulting from the accident.

However, plaintiff must prove by a preponderance of the evidence (1) the prior existing condition and (2) the extent of the aggravation. If you find that plaintiff would have faced this aggravation of her condition whether this incident happened or not, then plaintiff is not entitled to damages or that portion of her claim, since the defendant is not responsible for the normal and natural results of plaintiff's prior condition.

**§ 18:10. Aggravation of pre-existing condition, 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:10 (3d ed.)**

Damage awards for aggravation for pre-existing conditions should not include normal and natural results of the prior condition, including medical treatment for the prior condition that the plaintiff would have required regardless of whether the incident in question occurred. ***Busby v. St. Paul Insurance Company,*** 673 So.2d 320 (La. App. 1st Cir. 1996).

### H. Contributory Negligence

It is the law of Louisiana that a plaintiff who is guilty of contributory negligence will have her recovery, if any, reduced by the degree or percentage of negligence attributable to her. Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for her own protection. The standard of conduct to which the plaintiff must conform for her own protection is that of a reasonable person under like circumstances. If you find that the defendant is liable in this case, but that the plaintiff was guilty of contributory negligence, and/or that the plaintiff's damages were the result of the fault of a third party, you must assign a percentage of fault to each of the parties and these percentages must total 100%. The percentage you assign should be based on the relative degree of negligence attributable to each of the parties. ***Dugas v City of New Orleans***, 354 So.2d 1311, 1313 (La. 1978); ***Batiste v Joyce's Supermarket***, 488 So.2d 1318 1320 (La. App. 3d Cir. 1986); ***Turner v Saveco Ins. Co. of America***, 472 So.2d 43, 46-47, note 3 (La. App. 1st Cir. 1985); ***Dawson v State Department of Corrections***, 452 So.2d 357, 359 (La. App. 1st Cir. 1984); Louisiana C.C. Art. 2323.

### V. GENERAL INSTRUCTIONS - LOUISIANA STATE CIVIL JURY INSTRUCTIONS

**§2.06 Optional closing instructions – inconsistent prior statements**

You alone decide what weight you will give to the testimony of the various witnesses. If you believe that any witness has willfully or deliberately lied or testified falsely to any material fact for the purpose of deceiving you, you are justified in disregarding the entire testimony of such witness as proving nothing, as being unworthy of belief**.** ***State v. Berain***, 360 So.2d 822, 829 (La. 1978); ***State v. Deruise***, 98-0541 (La. 04\03\01), 802 So.2d 1224, 1243.

Where the testimony is conflicting and irreconcilable, and the jury has no reason to suspect the credibility of the witnesses, then resort must be had to the physical evidence in determining a preponderance of the evidence. If all evidence is equal, then the jury must find the plaintiff has failed to meet her burden of proof. ***Williams v. Bulk Transport, Inc***., 266 So.2d 472, 474 (La. App. 4th Cir. 1972); ***Miller v. Lowry***, 409 So.2d 1252, 1253 (La. App. 2d Cir. 1982).

VI. **FIFTH CIRCUIT JURY INSTRUCTIONS**

    **2.11**   IMPEACHMENT WITH INCONSISTENT STATMENTS

    **2.13**   DEPOSITION TESTIMONY

    **2.16**   BIAS—CORPORATE PARTY INVOLVED

    **3.2**   BURDEN OF PROOF

    **3.4**   WITNESSES

    **3.6**   NO INFERENCE FROM FILING LAWSUIT

    **15.1**   CONSIDER DAMAGES ONLY IF NECESSARY

    **15.2**   COMPENSATORY DAMAGES

    **15.3**   INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS OF CAPACITY FOR ENJOYMENT OF LIFE

    **15.5**   MITIGATION OF DAMAGES

Respectfully submitted,

PLAUCHE SMITH & NIESET

BY:   s/Christopher P. Ieyoub
       **CHRISTOPHER P. IEYOUB**
       1123 PITHON STREET
       LAKE CHARLES, LA 70601

## CERTIFICATE

**I HEREBY CERTIFY** that on January 21, 2020, a true and correct copy of the above and foregoing Reply Memorandum in Support of Motion for Summary Judgment on Medical Causation was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record participating in CM/ECF by operation of the court's electronic filing system.  In addition, the undersigned left voicemail at Plaintiff's personal telephone number, and  Notice of this filing will be mailed this day to Plaintiff, appearing pro se.

Lake Charles, Louisiana, this 21st day of January, 2020.

s/Christopher P. Ieyoub
**CHRISTOPHER P. IEYOUB**
