# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **GERTRUDE SAVOY** | **CASE NO.  2:17-CV-00897** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **KROGER CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Presently before the Court is the Motion for Summary Judgment [ECF Doc. 115] filed by defendants Kroger Co. and Larissa Perez. Objections to the motion were due within twenty-one days from the filing of the motion.[1] Plaintiff has filed no objection or response to the motion.[2]

## I.
### BACKGROUND

On March 3, 2016, Plaintiff completed her shopping at Kroger and was standing at a checkout stand operated by Kroger cashier Larissa Perez.[3] After Perez bagged Plaintiff's groceries, Plaintiff attempted to lift a bag containing two 59-ounce bottles of Gold Peak® tea from the carousel to her shopping cart.[4] As she attempted to lift the bag, the plastic bag tore causing the bottles of tea to fall on Plaintiff's right foot.[5] The bag did not tear at the bottom of the bag or at a seam but rather split down the front of the bag from the top. Plaintiff contends that Kroger's

---

[1] Notice of Motion Setting, Doc. 116.
[2] Plaintiff did submit a letter [Doc. 117] to the Court indicating that she has still not employed replacement counsel. Two prior law firms withdrew from representing her. However, both this Court and Magistrate Judge Kay have repeatedly informed Plaintiff that if she failed to timely employ new counsel that she would be responsible for proceeding in this case pro se. Further, Plaintiff's letter to the Court makes it clear that she was fully aware of the deadline to respond to the motion.
[3] First Supplemental and Amending Petition for Damages, ¶ 8.
[4] *Id.*
[5] *Id.*

employees took possession of the bag that failed.[6] This bag, however, has not been produced in discovery,[7] and Plaintiff never moved to compel production.  Plaintiff alleges that the impact of the bottles on her foot caused Complex Regional Pain Syndrome -- also known as Reflex Sympathetic Dystrophy ("RSD").[8] RSD apparently is an incurable nerve condition.[9] Plaintiff subsequently filed suit in the 14th Judicial Court in Calcasieu Parish against Kroger, Perez, and Inteplast, the manufacturer of the plastic bag. Inteplast removed the case to this court on July 11, 2017, based upon diversity jurisdiction.

In her complaint, Plaintiff asserts negligence claims against Kroger and Perez.  Plaintiff also asserted product liability claims against Inteplast under the Louisiana Product Liability Act. On January 7, 2020, the Court ruled on motions for summary judgment filed by Inteplast and Kroger [Doc. 100]. In that ruling, the Court dismissed all product liability claims against Inteplast. In addition, the Court found that "the summary judgment evidence submitted by Kroger negates Plaintiff's allegations that the bag was overloaded based upon the weight of the items (two containers of iced tea) in comparison with the capacity of the bag."[10] The Court, however, denied Kroger's original motion stating that "[w]hile Plaintiff's allegations have focused on her theory that the bag could not hold the weight of the items, it is possible that some other aspect of the bagging process and how Kroger/Perez handled the bag in question caused the Plaintiff's injury." The original motions also did not address the claims against Perez. As Kroger had not addressed those additional allegations, the motion was denied. The Court subsequently granted Kroger and Perez leave to file a new motion for summary judgment.

---

[6] Deposition of Gertrude Savoy, Exhibit I to Doc. 85, at 49.
[7] Statement of Undisputed Facts, Doc. 85-1.
[8] Pretrial Statement, Doc. 42 at. 2.
[9] *Id.*
[10] Doc. 100, at 15.

## II.
### LEGAL STANDARDS

**A.      Summary Judgment Standard**

Summary judgment is proper if the pleadings, discovery products on file, and affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The purpose of summary judgment is to pierce the pleadings, to assess the proof, and to determine whether there is a genuine need for trial. *See Matsushita Electric Industries v. Zenith Radio Corp.* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment procedure is designed to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant bears the burden of persuasion at trial on a claim or defense addressed in the motion for summary judgment, the movant must establish that there is no genuine dispute of material fact as to those claims or defenses. To satisfy this burden, the movant must come forward with competent summary judgment evidence conclusively establishing that no reasonable trier of fact could find other than for the moving party. *See Calderone v. United States,* 799 F.2d 254, 259 (6th Cir.1986). To avoid summary judgment, the non-movant must then come forward with evidence showing that there is a genuine dispute of material fact.

If the non-moving party has the burden of persuasion at trial with respect to an issue addressed in the motion for summary judgment, the moving party may satisfy its initial burden by either (1) demonstrating affirmatively that there is no triable issue of fact as to each element of the non-moving party's affirmative defenses or claims, or (2) "showing" that the non-moving party

cannot present evidence sufficient to satisfy the essential elements of its defenses or claims and thus cannot meet its burden of persuasion at trial. *Celotex Corp.,* 477 U.S. at 324–326, 106 S.Ct. 2548. If the moving party makes a showing that there is "no evidence" to support the non-moving party's claims or defenses, the non-moving party must come forward with "substantial" evidence showing a genuine dispute of material fact with respect to each essential element of its affirmative defenses or claims. *Id.* Substantial evidence for purposes of defeating summary judgment is evidence sufficient to support a jury verdict in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Under this standard, the non-movant cannot rely on unsupported assertions or arguments, but must submit sufficiently probative evidence supporting its claims or defenses. Even if the burden shifts to the non-moving party, the movant still retains the ultimate burden of persuasion on the motion for summary judgment. *Celotex Corp.,* 477 U.S. at 330–331, 106 S.Ct. 2548.

In considering a summary judgment motion, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party). "Credibility determinations are not part of the summary judgment analysis." *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)

(alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

**B. Application of Louisiana Law.**

The Court generally must apply state substantive law in a diversity case, such as the present

case. *Moore v. State Farm Fire & Cas. Co.,* 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v.*

*Tompkins*, 304 U.S. 64, 78 (1938). The parties do not dispute that Louisiana law applies to this

case.

### III.
### LEGAL ANALYSIS

Plaintiff alleges liability against Kroger and Larissa Perez based upon negligence. Ordinary

negligence claims under La. Civ. Code art. 2315 are governed by a duty/risk analysis and an

examination of the particular facts in question.[11] Plaintiff must prove (1) that the defendant had a

duty to conform his conduct to a specific standard of care; (2) that the defendant failed to do so;

(3) that the substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) that the conduct

was a legal cause of the plaintiff's injuries; and (5) actual damages.[12] The "cause-in-fact" element

of negligence is a "but for" inquiry which tests whether the accident would or would not have

happened but for the defendant's substandard conduct.[13]

**A. Claims Against Kroger.**

Kroger argues that its summary judgment evidence negates an essential element of

Plaintiff's claim: that Kroger breached a duty owed to Plaintiff. Alternatively, Kroger argues that

---

[11] *See Bernard v. Ace Property & Casualty Ins. Co.* 257 So.3d 223, 227 (La.App. 3 Cir. 10/3/18); *see also Berthiaume v. Gros*, 165 So.3d 1275 (La.App. 3 Cir. 6/3/15).
[12] *Fowler v. Roberts*, 556 So.2d 1 (La. 1989).
[13] *Boykin v. Louisiana Transit Co*., 707 So.2d 1225 (La. 1998).

Plaintiff cannot present evidence sufficient to prove this essential element of her claim. Here, Plaintiff's complaint alleges that Kroger breached its duty in the following respects:

a) In failing to determine the involved bags' safe loading capacity and/or characteristics and train its employees accordingly;

b) In failing to determine the involved bags' safe loading capacity and/or characteristics and develop policies and procedures for use by its employees accordingly;

c) In failing to secure from the bag manufacturer the bags' specifications and/or safe loading capacity and/or characteristics;

d) In failing to implement its existing policy, procedure and/or guideline on safe bagging procedures;

e) In failing to properly train its employees on safe bagging guidelines and procedures;

f) In failing to supervise and/or manage Defendant Perez to ensure Perez understood and practiced safe bagging procedures;

g) In negligently hiring Defendant Perez as a bagger and entrusting Defendant Perez with the responsibility for safe bagging procedures;

h) In selecting plastic bags for use which were of poor quality and unsuitable for the involved use; and

i) In failing to provide Perez with the bag manufacturer's warnings/instructions for safe/proper use.[14]

As previously noted, the Court has already dismissed all claims relating to the load capacity of the bag. Specifically,  the bag supply contract between Kroger and Inteplast called for "T-shirt bags" manufactured to the design specifications as agreed to by Kroger and the bag manufacturer, Inteplast.[15] Inteplast performs tests on the bags designed to the Kroger thickness specifications

---

[14] Petition for Damages filed by Gertrude Savoy, Exhibit 1 to Doc. 1. The Petition and First Supplemental and Amending Petition (collectively the "Complaint")  groups all of Plaintiff's claims against Kroger, Perez and Inteplast in paragraph 10 of the Complaint and identifies these claims alphabetically, repeating the same alphabetical designation (a, b, c, etc.) as to each defendant. To avoid confusion, when the Court refers to an allegation in a lettered subpart of paragraph 10 of the Complaint, the Court will specify that the allegations pertain to a specific defendant – e.g. "paragraph (a) of the Complaint pertaining to Kroger."
[15] Exhibit B to Doc. 65, Affidavit of Snehal Desai, at 1.

(13.5 microns) by placing a thirteen to fifteen pound weight inside of the bag, lifting the bag and "jogging" it three to five times to check the bottom seal.[16] The Inteplast bags used by Kroger were randomly selected by Kroger's third-party auditor, Consumer Testing Laboratories, Inc., once a month to test the performance of the bags.[17] These randomly selected bags were "jog tested" with a weight of fifteen (15) pounds to ensure the bags would hold their seal during and after testing.[18] In contrast, the bottles of tea placed into Plaintiff's bag had a combined weight of less than nine (9) pounds,[19] which is six pounds below the tested weight capacity of the Kroger bags. The Kroger bags provided by Inteplast at the time of the incident passed the test as administered by Kroger's third-party auditor.[20] Moreover, of the 9.7 billion bags Inteplast has sold to Kroger between January 1, 2012 and December 31, 2018, there were only four (4) known incidents involving the failure of a Kroger bag.[21] Kroger relies on this same summary judgment evidence with respect to the present motion. As with Kroger's original motion, the Court concludes that this evidence negates Plaintiff's allegations – in paragraphs (a) and (b) of the Complaint relating to Kroger - that Plaintiff's bag was overloaded or that Kroger failed to determine the weight capacity of the bag. Plaintiff, on the other hand, has come forward with no evidence that creates a genuine question of material fact on these allegations.

The allegations contained in paragraph (c) of the Complaint pertaining to Kroger state that Kroger failed to obtain and follow Inteplast's bag specifications, loading capacity, characteristics, and practices and procedures. The summary judgment record, however, shows that Kroger, not

---

[16] *Id*. at 2.
[17] *Id.*
[18] Exhibit C to Doc. 65, Consumer Testing Laboratories, Inc. Evaluation of Test Results, at 4 ("Jog Testing" involves the shaking of the weight in the bag to simulate a "jogging" effect. This test in particular "jogs" the bag 35 times in 20 seconds using a 15 pound narrow profile weight).
[19] Statement of Uncontested Material Fact #8 to Kroger Motion for Summary Judgment.
[20] Exhibit C to Doc. 65.
[21] Exhibit B to Doc. 65.

Inteplast, mandated the specifications, loading capacity and characteristics of the bags purchased under the parties' supply agreement.[22] Further, Inteplast provided no other bag specification, information, or recommended bag loading practices or procedures.[23] Accordingly, Plaintiff has not come forward with "substantial evidence" that demonstrates a genuine question of material fact with respect to this allegation.

In paragraphs (d), (e) and (f) of the Complaint relating to Kroger, Plaintiff alleges that Kroger failed to implement existing policies, procedures, and guidelines, or to train and supervise its employees on safe bagging procedures. As previously explained, the summary judgment record shows that the Inteplast bags used by Kroger had the capacity to hold the two tea bottles placed in Plaintiff's bag. Her bag, therefore, was loaded within its weight capacity based on tests performed by Inteplast and Kroger's outside auditor. Moreover, Kroger has come forward with evidence that it did, in fact, implement policies, procedures and guidelines for bagging groceries, that Perez was instructed on those policies, procedures and guidelines, and that Perez followed those policies, procedures and guidelines when she bagged Plaintiff's groceries.[24] Plaintiff does not dispute this evidence, nor does she offer any evidence showing that Kroger breached any duty in connection with the bag that failed.

Paragraph (g) of the Complaint with respect to Kroger alleges that Kroger was negligent in *hiring* Perez as a cashier and bagger. Again, given the Court's finding that Plaintiff's bag was not loaded beyond its weight capacity, Plaintiff cannot meet her burden of establishing that the actions of Perez in bagging the two bottles of tea breached any duties. Kroger also points to evidence detailing its hiring and orientation process, which was in place when Perez was hired as

---

[22] Doc. 65-2, at 1–2.
[23] Doc. 84-3, at 9.
[24] Affidavit of Larissa Perez, Exhibit A to Doc. 115.

a cashier.[25] In contrast, Plaintiff has submitted no evidence to indicate that Perez was unqualified or incapable of performing her duties, including bagging groceries.

Plaintiff alleges in paragraph (h) of the Complaint pertaining to Kroger that Kroger was negligent in "selecting plastic bags for use which were of poor quality and/or unsuitable for the involved use."[26] The summary judgment record details the quality and capacity of the bags as well as the testing of the bags. The record also reflects evidence of only four (4) documented bag failures out of billions of bags used by Kroger. In addition, Court previously ruled that "the evidence is insufficient to create a genuine issue of material fact as to whether the Inteplast bags sold to Kroger were prone to failure."[27] Plaintiff has put forth no evidence regarding the cause of the bag failure and, accordingly, any allegation regarding Kroger's decision to use the bags supplied by Inteplast cannot support a negligence claim against Kroger.

The final allegation made by Plaintiff in paragraph (i) of the Complaint as to Kroger is that Kroger was negligent in failing to provide Perez with the bag manufacturer's warning/instructions for safe use. First, the Court notes that Inteplast testified that there are no such instructions provided to Kroger.[28] More importantly, this Court has previously ruled that the bags used by Kroger did not require a warning.[29] The Court also previously determined that "this evidence is insufficient to create a genuine issue of material fact as to whether the Inteplast bags sold to Kroger were prone to failure."[30] Finally, the Court previously found "as a matter of law, it would be obvious to 'an ordinary user or handler of the product, with the ordinary knowledge common to the community'

---

[25] Deposition of Alice Trahan, Doc. 85 – 6, at 26–27.
[26] Exhibit 1 to Doc. 1, ¶ 10.
[27] Doc. 100, at 11.
[28] Doc. 84-3, at 12–13
[29] Doc. 100, at 11-12.
[30] *Id.,* at 11

that a plastic grocery bag could rip or tear at some point if it is overloaded with heavy objects."[31]

Accordingly, Kroger is entitled to summary judgment with respect to this allegation.

### B. Claims against Perez.

Perez similarly argues that her summary judgment evidence negates an essential element of Plaintiff's claim: that Perez breached a duty owed to Plaintiff. Alternatively, Perez argues that Plaintiff cannot present evidence sufficient to prove all essential elements of her claim. Plaintiff alleges that Perez was negligent in the following respects:

> a) In creating an unreasonably dangerous condition by overloading SAVOY's bag with heavy items;
>
> b) In failing to provide a warning indicating the bag was overloaded and/or needed/required special handling;
>
> c) In failing to implement and/or follow proper guidelines for bagging and loading purchased items;
>
> d) In failing to use reasonable care in loading SAVOY's bag;
>
> e) In failing to prevent a hazardous situation or warn of the same;
>
> f) In failing to follow proper training PEREZ was given concerning bag loading;
>
> g) In failing to follow the bag manufacturer's recommendations concerning bag loading; and
>
> h) In failing to determine the bags' safe loading capacity.[32]

The Court's prior ruling that the evidence in the summary judgment record negates Plaintiff's allegations that the bag was overloaded also negates the allegations contained in paragraphs (a), (b), (g) and (h) of the Complaint pertaining to Perez.  The remaining allegations contained in the paragraphs (c), (d), (e) and (f) of the Complaint pertaining to Perez essentially track the allegations asserted against Kroger. Accordingly, for the same reasons that these

---

[31] *Id.*, at 12.
[32] *Id.*

allegations fail with respect to Kroger, they fail with respect to Perez. Specifically, Perez loaded Plaintiff's bag within its weight capacity and followed Kroger's guidelines, policies, and training when she did so. Indeed, Perez stated in her affidavit that she followed Kroger's bagging procedures and did not stretch, elongate, manipulate or tear the bag to place the tea containers inside.[33] As with Kroger's summary judgment evidence, Plaintiff does not dispute this evidence, nor does she come forward with any evidence creating a genuine question of material fact that Perez breached any duty in bagging Plaintiff's groceries.

## IV.
### CONCLUSION

In sum, the Court finds that there is no genuine issue of material fact regarding the claims made by Plaintiff against Kroger and Larissa Perez. The Motion for Summary Judgment is granted and all remaining claims contained in the Plaintiff's Complaint are DISMISSED WITH PREJUDICE. A separate judgment in conformity with these reasons has been entered.

THUS DONE in Chambers on this 7th day of July, 2020.

Robert R. Summerhays
United States District Judge

---

[33] Affidavit of Larissa Perez, Exhibit A to Doc. 115.